UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. UCCI, | Case No. CV 15-08386-CAS (DTB) |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| LOS ANGELES, CALIFORNIA POLICE DEPARTMENT, ET AL, | |
| Defendants. | |

On October 27, 2015, plaintiff filed this pro se civil rights action, after being granted leave to proceed without the prepayment of the filing fee. Plaintiff alleges a violation of his civil rights.

The operative complaint herein is plaintiff's Third Amended Complaint ("TAC") filed on September 7, 2016. Named as defendants in his TAC in their official capacity only are "several unknown agents of LAPD." In accordance with the terms of 28 U.S.C. § 1915(e)(2), the Court screened plaintiff's TAC prior to ordering service for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who was immune from such relief.

Specifically, plaintiff alleges that during 2011 through 2014, several unknown agents of the Los Angeles Police Department entered his home without a warrant and on two of these occasions, plaintiff was arrested and his property confiscated and never returned. Plaintiff seeks damages in the amount of 7 million dollars. (TAC at 1.) After screening the TAC, the Court found that plaintiff's allegations were sufficient to state a federal civil rights claim under the Fourteenth Amendment against the unknown officers of the LAPD in their individual capacity only. However, as the defendants were unknown to plaintiff, the Court advised plaintiff that it could not order service of the TAC. Plaintiff was advised that he could use the discovery process to attempt to ascertain the identity of the unnamed defendants and in the event he identified and named the unnamed defendants, the Summons and TAC would need to be served.

As plaintiff failed to serve his TAC within the allotted time, on December 19, 2016, the Court issued a Report and Recommendation ("R&R") wherein it recommended the dismissal of this action for failure to prosecute. On January 3, 2017, rather than filing objections to the R&R, plaintiff filed a request for extension of time for service/discovery. On January 4, 2017, the Court vacated the R&R and granted plaintiff an extension of time up to and including March 6, 2017 within which to serve his TAC. Plaintiff was forewarned that his failure to effectuate proper service by March 6, 2017, may result in the dismissal of the action without prejudice as to any unserved defendant(s) by reason of plaintiff's failure to prosecute, unless plaintiff can show good cause for extending the time for service.

///
///
///
///
///
///

To date, no proof of service has been filed indicating that defendants have been served. Accordingly, the Court ORDERS plaintiff to show cause, in writing, no later than April 4, 2017, why the TAC should not be dismissed without prejudice for failure to prosecute.

DATED: March 8, 2017

THE HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE