O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. UCCI,<br><br>    Plaintiff,<br><br>v.<br><br>LAPD, et al.,<br><br>    Defendants. | Case No. 2:15-cv-08386-CAS-KES<br><br>ORDER OVERRULING OBJECTIONS TO MARCH 2, 2018, ORDER OF UNITED STATES MAGISTRATE JUDGE |

## I.

## PROCEDURAL BACKGROUND.

Plaintiff Nicholas Ucci ("Plaintiff") is in custody and proceeding pro se. His operative Third Amended Complaint (the "TAC"), filed in September 2016, asserts claims against "Several Unknown Agents of the Los Angeles Police Department." (Dkt. 25 at 1.) Plaintiff alleges that those agents "entered [his] home without a warrant, several times," and twice, Plaintiff "was arrested, his property confiscated, and never returned." (Id.) The TAC focuses on two incidents relating to (1) an arrest for assault and subsequent acquittal, and (2) an arrest for cultivation of marijuana and subsequent release. (Id.) Plaintiff also asserts that "several other times," "unknown agents … entered [his] home without a warrant," including on

the "[F]ourth of July," and when destroying a "roofing solution" that Plaintiff built at his home. (Id. at 5.) Plaintiff has not amended the TAC to allege a claim against any named person.

On March 2, 2018, the Magistrate Judge issued a minute order summarily denying two requests from Plaintiff: (1) that the Court "order the release of any and all files with [Plaintiff's] name on it in possession by LAPD [Los Angeles Police Department];" and (2) "pro bono attorney representation." (Dkt. 63 at 2 (citing Dkt. 61 [February 22, 2018, letter from Plaintiff] at 2-3).)

On March 21, 2018, the Court received from Plaintiff a document dated March 16, 2018, and entitled "Response to Court Order to file Fourth Amended Complaint" (the "Objections"). (Dkt. 64.) The Court construes the filing as objections to the Magistrate Judge's order dated March 2, 2018, pursuant to Rule 72 of the Federal Rules of Civil Procedure ("Rule 72"). See Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's nondispositive] order within 14 days after being served with a copy ….").[1]

For the reasons set forth below, the Objections are OVERRULED.[2]

---

[1] Local Rule 72-2.1 requires a party objecting to a nondispositive order to file a "motion for review by the assigned District Judge, designating the specific portions of the ruling objected to …." Given Plaintiff's pro se status and in the interests of justice, the Court construes the Objections as such a motion.

[2] To the extent that Plaintiff directs the Objections to the Magistrate Judge's prior order dated February 15, 2018, (Dkt. 60)—which required Plaintiff to file a Fourth Amendment Complaint alleging the identities of relevant officers—the Objections are likewise OVERRULED as untimely. Pursuant to Rule 72, a party must serve and file objections to a magistrate judge's nondispositive order within 14 days after service. See also Local Rule 72-2.1 (14-day deadline for nondispositive orders). The Objections are dated March 16, 2018. (Dkt. 64.) March 16, 2018, is well after the 14-day objection deadline applicable to the Magistrate Judge's February 15, 2018, order, even giving Plaintiff the benefit of three additional days to object based on mail service of the order. See Fed. R. Civ. P. 6(d).

# II.

# THE MAGISTRATE JUDGE'S ORDER.

A.   **Request for All Documents Referencing Plaintiff.**

With respect to Plaintiff's demand for "any and all files" in the LAPD's possession containing his name, the Magistrate Judge noted in her March 2, 2018, order that Plaintiff had issued only one at-issue discovery demand to the LAPD—a subpoena seeking "case file for Nicholas Anthony Ucci, CF #14-001133" (the "Investigation File"). (Dkt. 63 at 2; Dkt. 47 at 5-7.) The Magistrate Judge concluded that Plaintiff was not entitled to records beyond the scope of that subpoena. (Id.) In response to the subpoena, the LAPD agreed to produce "redacted copies of the arrest reports [contained within the Investigation File] that are not privileged." (Id. at 2 (citing Dkt. 57 at 2).) The LAPD lodged the remainder of Investigation File with the Court for in camera review, asserting it contained privileged materials. (Id.; Dkt. 57.)

Based on her in camera review, the Magistrate Judge determined that records in the Investigation File might be irrelevant to this action or privileged. (Dkt. 63 at 2.) She also noted that the Court had ordered Plaintiff to file a Fourth Amended Complaint identifying named defendants based on the unprivileged reports that the LAPD provided. (Id. at 3.) The Magistrate Judge therefore denied without prejudice Plaintiff's request for additional documents from the Investigation File pending his filing of a Fourth Amended Complaint alleging cognizable claims against the officers identified in the disclosed reports. (Id.) This was consistent with the Magistrate Judge's statement that, after Plaintiff filed an amended pleading stating a cognizable claim, "the Court [would] re-visit the production of the additional documents lodged by the LAPD, along with the entry of a protective order." (Dkt. 60 at 3.)

B.   **Request for Counsel.**

The Magistrate Judge also denied without prejudice Plaintiff's request for

counsel, finding "[i]t is well established that there is generally no constitutional right to counsel in civil cases." (Dkt. 63 at 3 (citing United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).) Instead, appointment of counsel "is within the sound discretion of the trial court and is granted only in exceptional circumstances." (Id. (citing Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).) Weighing Plaintiff's (1) likelihood of success, and (2) his ability to articulate his claim pro se, the Magistrate Judge denied appointment of counsel. (Id.)

## III.
## PLAINTIFF'S OBJECTIONS.

Through his Objections, Plaintiff now argues, among other things, that:

- The Magistrate Judge improperly "limited [the] scope of discovery" concerning the Investigation File. (Dkt. 64 at 1.)
- The entire Investigation File should be "ordered" "to be surrendered" to Plaintiff. (Id.) Plaintiff asserts that the LAPD has "refused to surrender" the file because it contains evidence of "gross" misconduct. (Id. at 3.)
- Plaintiff should be allowed to serve a further subpoena seeking LAPD dispatch records to his former residence before filing an amended complaint. (Id. at 1.)
- Plaintiff should not be required to file an amended pleading until "discovery is satisfied." (Id. at 1-2.)
- The court should "reconsider" its "pro bono recommendation" "due to extenuating circumstances."[3] (Id. at 4.)

---

[3] The Objections seek a variety of other relief, including that the Court (1) provide pro se materials such as binders and stamps (Dkt. 64 at 4), (2) provide copies of all items on the docket and referenced case law (id.), (3) subpoena Judge Bernie LaForteza of the Los Angeles Superior Court (id. at 4-5), (4) order an investigation by the Federal Bureau of Investigation into Plaintiff's incarceration (id. at 5), (5) refer Plaintiff's case to the United States Attorney General "for

# IV.
# ANALYSIS.

A. **Legal Standard Applicable to Objections**.

Pursuant to Rule 72(a), the Court must "consider timely objections [to a magistrate judge's order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." See also 28 U.S.C. § 636(b)(1)(A) (providing that the district court can reconsider a pretrial matter where "the magistrate's order is clearly erroneous or contrary to law").

"The clearly erroneous standard applies to the magistrate judge's factual findings, while the contrary to law standard applies to the magistrate judge's legal conclusions." O'Connell v. Smith, No. 13-cv-1905-MWF-PJWx, 2014 U.S. Dist. LEXIS 198901, at *6-7 (C.D. Cal. Aug. 4, 2014) (citing Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 970-71 (C.D. Cal. 2010)). "The clearly erroneous standard … is 'significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.''" Crispin, 717 F. Supp. 2d at 971 (citing Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623 (1993)). "By contrast, '[t]he 'contrary to law' standard … permits independent review of purely legal determinations by the magistrate judge.'" Id. (quoting F.D.I.C. v. Fidelity & Deposit Co. of Md., 196 F.R.D. 375, 378 (S.D. Cal. 2000)). Courts have interpreted this standard "to provide for de novo review by the district court on issues of law." Med. Imaging Centers of Am., Inc. v. Lichtenstein, 917 F. Supp. 717, 719 (S.D. Cal. 1996) (citing Aldoph Coors Co. v. Wallace, 570 F. Supp. 202 (C.D. Cal. 1983)).

---

prosecution" (id.), (6) subpoena records from the Los Angeles County Jail (id.), (7) subpoena the San Diego Superior Court (id. at 6), and (8) subpoena other governmental agencies to "show evidence of conspiracy" (id.). Because none of these requests relate to the Magistrate Judge's March 2, 2018, order or seek otherwise appropriate relief, they are not considered here.

1 **B.     Objections to Order Denying Documents.**

2        First, the Court finds no error in the Magistrate Judge's factual determination
3 that the at-issue subpoena Plaintiff served on the LAPD sought only the
4 Investigation File. (See Dkt. 47 at 5-7.) Plaintiff therefore was not entitled to a
5 court order requiring the release of all files in the LAPD's possession relating to
6 him. Allianz Sigorta, S.A. v. Ameritech Indus., No. 2:15-cv-1665, 2017 U.S. Dist.
7 LEXIS 170962, at *6 (E.D. Cal. Oct. 13, 2017) (denying motion "to compel
8 discovery that was not requested").

9        Second, the Magistrate Judge did not err in denying Plaintiff the entire
10 Investigation File without prejudice to Plaintiff later renewing his request. "The
11 Court has broad discretion in controlling the timing of discovery." WebSideStory,
12 Inc. v. NetRatings, Inc., No. 06-cv-408, 2007 U.S. Dist. LEXIS 20481, at *3 (S.D.
13 Cal. Mar. 22, 2007); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)
14 ("[B]road discretion is vested in the trial court to permit or deny discovery ….")
15 (citation omitted). After the LAPD objected that disclosure of the entire
16 Investigation File—which the Objections characterize as "the result of two
17 investigations" (Dkt. 64 at 2)—would expose confidential and privileged
18 information, the Magistrate Judge conducted an in camera review of those
19 documents and found them to be potentially privileged or irrelevant.

20        Because the LAPD agreed to produce reports in the Investigation File that
21 contained the identities of relevant officers, thereby allowing Plaintiff to name
22 those persons in a Fourth Amended Complaint, the Magistrate Judge postponed
23 further discovery until Plaintiff was able to assert a cognizable claim based on the
24 disclosed identities. The Magistrate Judge indicated that she would later "re-visit"
25 the issue of a supplemental production following receipt of an amended pleading

that names a defendant. (Dkt. 60 at 3.) This discretionary decision relating to the timing of discovery was not contrary to law.[4]

C. **Objections to Order Denying Counsel.**

Similarly, the Magistrate Judge's decision to deny appointment of counsel was not contrary to law. The Objections do not contend that the Magistrate Judge applied the incorrect legal standard or made an erroneous factual determination. Instead, Plaintiff summarily seeks reconsideration "due to extenuating circumstances as previously described." (Dkt. 64 at 4.) Absent argument from Plaintiff stating the assigned error, the Court finds that the Magistrate Judge applied the correct legal standard relating to the appointment of counsel in civil cases, and did not make any clear factual errors. Plaintiff's Objections are overruled.

DATED: March 28, 2018

*Christina A. Snyder*

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

*Karen E. Scott*

HON. KAREN E. SCOTT
United States Magistrate Judge

---

[4] In most civil cases, discovery may not begin until the parties have completed an initial case management conference. Fed. R. Civ. P. 26(d). Here, as a pro se plaintiff in custody, Plaintiff is exempt from that limitation. Fed. R. Civ. P. 26(a)(1)(B)(iv).