O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. UCCI, | ) Case No. 2:15-CV-08386-CAS-KES |
| Plaintiff, | ) |
| v. | ) **ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY THE MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144, 455** |
| LOS ANGELES POLICE DEPARTMENT, ET AL., | ) |
| Defendant | ) |

## I. INTRODUCTION & BACKGROUND

Plaintiff Nicholas A. Ucci filed this action for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983 on October 27, 2015. ECF No. 1. The case was eventually assigned to United States Magistrate Judge Karen E. Scott. ECF No. 44. Since filing his initial complaint, Ucci—who is incarcerated and appearing *pro se*—has filed seven amended complaints attempting to allege facts sufficient to plead civil rights claims. See ECF Nos. 13, 19, 25, 67, 73, 77, 130. Ucci filed his seventh amended complaint, the operative pleading in this case, on May 24, 2019. ECF No. 130 ("seventh amended complaint"). The seventh amended complaint names the City of Los Angeles ("City"), the

-1-

Los Angeles Police Department ("LAPD"), and eight individual police officers employed by the LAPD as defendants. Id.

Defendants, in separate filings, moved to dismiss the seventh amended complaint on July 29, 2019 and August 12, 2019. ECF Nos. 132, 145, 148, 152, 155. Ucci filed an opposition on July 29, 2019, ECF No. 154, to which defendants filed a reply on August 12, 2019, ECF No. 157. After ordering supplemental briefing, on November 26, 2019, Magistrate Judge Scott submitted a 39-page report to this Court, pursuant to the provisions of 28 U.S.C. § 636, recommending that the Court grant defendants' motion and dismiss Ucci's 7AC with prejudice. See ECF No. 167 ("R&R"). In response, Ucci filed objections to the R&R on December 19, 2019. See ECF No. 168 ("R&R Objs."). The next day, on December 20, 2019, Magistrate Judge Scott issued an order construing parts of Ucci's objections as a motion to disqualify the Magistrate Judge pursuant to 28 U.S.C. §§ 144 or 455, and, pursuant to Local Rule 72-5, referred the request to disqualify to this Court for determination. See ECF No. 169 ("Referral Order").

Having carefully considered Ucci's arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A judge may be disqualified pursuant to 28 U.S.C. § 144 (whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Pursuant to 28 U.S.C. § 455 ("Section 455"), judges must also disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

The substantive standard for disqualification is the same under both Sections 144 and 455: a judge may be disqualified if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). Critically, the

alleged bias cannot result from mere disagreement, however vehement, with a judge's rulings; instead, "the alleged bias must stem from an 'extrajudicial source.'" United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997) (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

### III. DISCUSSION

In his objections, Ucci asserts that: "Plaintiff objects to this court hearing this case and moves for a different venue or a jury trial in a different venue with a Judge not affiliated with Los Angeles Judges, Orange County, or San Diego. Preferably San [F]rancisco or Sacramento or a different state." R&R Objs. at 7. From what the Court can tell, the basis for Ucci's request for disqualification is the assertion that "[t]he court has clearly demonstrated prejudice" against him by, among other things, granting defendants' motion to dismiss, failing to adopt his objections to the Magistrate Judge's prior recommendations, and "limiting discovery" and "obstructing plaintiff['s] prosecution" of his case. Id. at 5, 6, 7.

The Court finds Ucci's motion to disqualify Magistrate Judge Scott to be without merit. Disagreements with the "[o]pinions formed by the judge" in ruling upon the proceedings before her, without more, "do not constitute a basis for a bias or partiality motion." Liteky, 510 U.S. at 555; see also Studley, 783 F.2d at 939 (noting that a judge's "prior adverse ruling is not sufficient cause for recusal"). Although, in Ucci's view, Magistrate Judge Scott has "demonstrated prejudice" against him by denying his discovery and dismissing his prior complaints, R&R Objs. at 7, Ucci's disagreement with the particulars of Magistrate Judge Scott's reasoning, or the conclusions she has reached, does not provide grounds for disqualification or a finding of bias. See United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978) ("Adverse rulings do not constitute the requisite bias or prejudice of [28 U.S.C. § 144]") (citing Berger v. United States, 255 U.S. 22, 34 (1921)).

Quite to the contrary, Magistrate Judge Scott's thorough and carefully-reasoned 39-page recommendation assessing the sufficiency of Ucci's allegations—the *eighth* version of those allegations that she has permitted Ucci to file—demonstrates the seriousness with which she has evaluated Ucci's claims, and the repeated opportunities she has afforded Ucci to cure their defects. Ucci accordingly fails to raise any grounds warranting disqualification.

### IV. CONCLUSION

For the foregoing reasons, Ucci's request for disqualification is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 23, 2019

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE